# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY | |
| Plaintiff, | Case No. |
| v. | |
| 517 ILLINOIS LLC D/B/A STIX and JOSHUA SIMMONS | |
| Defendants. | |

## SCOTTSDALE INSURANCE COMPANY'S
## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, SCOTTSDALE INSURANCE COMPANY ("Scottsdale"), by its undersigned attorneys, brings this Complaint for Declaratory Judgment against Defendants, 517 ILLINOIS LLC D/B/A Stix ("Stix") and JOSHUA SIMMONS, and alleges as follows:

### STATEMENT OF THE CASE

1. Scottsdale seeks a judicial declaration that the commercial general liability insurance policy it issued to Stix does not provide coverage for Stix, including a duty to defend or indemnify, against the underlying lawsuit by Simmons, encaptioned *Simmons v. 517 Illinois LLC d/b/a Stix d/b/a Stix Bar*, 1st Judicial Cir. Ct. Jackson Cnty., IL., No. 2022 LA 71 ("Underlying Lawsuit").

2. In sum, the Underlying Lawsuit alleges negligence, negligent security, *respondeat superior*, negligence *per se*, violation of the Illinois Dram Shop Act, 235 ILCS 5/6-21, and premises liability against Stix, arising out of a May 8, 2022 altercation between Joshua Simmons and Jackson Connor, which allegedly resulted in personal injury to Simmons ("Incident").[1]  However, the subject Policy's Liquor Liability Exclusion and Assault and/or Battery Limited Liability Coverage (Limited to Designated Premises) Endorsement entirely precludes all coverage for the Underlying Lawsuit.

---

[1] Connor has been criminally charged with aggravated battery, a class 3 felony in Illinois, in connection with the Incident.  *See People v. Connor*, 1st Judicial Cir. Ct. Jackson Cnty., IL., No. 2022 CF 235.

## THE PARTIES

3. Plaintiff, Scottsdale is a corporation organized under the laws of Ohio with its principal place of business in Scottsdale, Arizona.

4. Defendant, Stix is and was at all relevant times an Illinois limited liability company with a single member, Casey Trusty, who is and was at all relevant times, a resident of Saline County, Illinois in this district.

5. Defendant, Simmons is and was at all relevant times a citizen of Indiana. In fact, Simmons is, and was at all relevant times, a resident of Vanderburgh County, Indiana. Simmons is named in this action as a necessary party because of his status as the plaintiff in the Underlying Lawsuit.

## JURISDICTION AND VENUE

6. Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiff, Scottsdale, on the one hand, and Defendants, Stix and Simmons, on the other hand; and (b) the amount in controversy with regard to the Underlying Lawsuit well exceeds $75,000, as the Underlying Lawsuit seeks damages from Stix for the injuries sustained by Simmons, which includes an alleged brain injury. Further, Stix seeks a defense paid for by Scottsdale in connection with the Underlying Lawsuit.

7. This Court may exercise personal jurisdiction over Simmons since he filed the Underlying Lawsuit in Illinois and over Stix because it is an Illinois corporation that has its principal place of business and regularly transacted business in Jackson County, Illinois. Further, Stix has requested coverage from Scottsdale under the subject policy, which was issued in Illinois, for the Incident and Underlying Lawsuit, which is currently pending in Jackson County, Illinois.

8. Venue is appropriate under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the Underlying Lawsuit occurred in this judicial district, in that the Incident occurred in this district, the Underlying Lawsuit is pending in this district, and the subject insurance policy was issued in this district.

9. An actual justiciable controversy exists between Scottsdale, on the one hand, and Defendants, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liability of the parties hereto and to grant such relief as it deems necessary and proper.

## THE SCOTTSDALE POLICY

10. Scottsdale issued to Stix, a commercial general liability insurance policy, No. CPS7569674, effective from April 25, 2022 to April 25, 2023 ("Policy"). A true and correct copy of the Policy is attached hereto and incorporated herein as **Exhibit A.**

11. The Policy includes the Commercial General Liability Coverage Form (CG 00 01 04 13), which provides, in pertinent part, as follows with respect to "bodily injury" liability (Coverage A):

> **SECTION I – COVERAGES**
>
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> 1. **Insuring Agreement**
>
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" … to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" … to which this insurance does not apply. …
>
>    \* \* \*
>
> 2. **Exclusions**
>
>    This insurance does not apply to
>
>    \* \* \*
>
>    c. **Liquor Liability**
>
>    "Bodily injury" … for which any insured may be held liable by reason of:
>
>    **(1)** Causing or contributing to the intoxication of any person; [or]

    **(2)** The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; …

12. The Policy contains an Assault and/or Battery Limited Liability Coverage (Limited to Designated Premises) Endorsement (GLS-285s (4-18)) ("A&B Endorsement"), which identifies the "Designated Premises" as "517 S Illinois Ave, Carbondale, IL 62901," and provides as follows:

> Except as provided by this endorsement, this policy does not apply to "injury," "bodily injury,"…"damages"…arising from:
>
> 1. Assault and/or Battery that occurs at any premises other than the designated premises shown in the Schedule above; or
>
> 2. Assault and/or Battery that occurs away from the designated premises caused by supervision, hiring, training, organizing, or any other activities conducted on or from the designated premises shown in the Schedule above.
>
> 3. Assault and/or Battery committed by:
>
>    a. Any insured;
>    b. Any employee/"employee" of any insured; or
>    c. Any other person.
>
> 4. The failure to suppress or prevent Assault and/or Battery by any person in **3.a.-c.** above;
>
> 5. The selling, serving or furnishing of alcoholic beverages which results in an Assault and/or Battery; or
>
> 6. The negligent:
>
>    a. Employment;
>    b. Investigation;
>    c. Supervision;
>    d. Hiring;
>    e. Training;
>    f. Monitoring;
>    g. Reporting to the proper authorities, or failure to so report; or
>    h. Retention;
>
>    of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by paragraphs **3.** and **4.** above.
>
> We will have no duty to defend any "suit" against you seeking "damages" as a consequence of any such injury unless coverage is provided by this endorsement.

\* \* \*

1. **COVERAGES – ASSAULT AND/OR BATTERY LIABILITY**

   We will pay on your behalf all sums which you shall become legally obligated to pay as damages because of "injury," "bodily injury," … "damages"…to any person arising out of Assault and/or Battery only if the "injury," "bodily injury," … "damages":

   a. Takes place at the designated premises; and

   b. Occurs during the policy period.

   We will have the right and duty to defend any suit against you seeking "damages," even if any of the allegations of the suit are groundless, false or fraudulent and may make such investigation and such settlement of any claim or suit as we deem expedient, but we shall not be obliged to pay any claim or judgment or to defend any suit after the applicable Limit of Liability shown in this endorsement has been exhausted. However, we will have no duty to defend the insured against any suit seeking "damages" to which this insurance does not apply.

\* \* \*

6. **OTHER INSURANCE**

   If there is other valid and collectible insurance available to you for "damages" covered under this endorsement, this insurance is excess over such other insurance.

13. The Policy contains an Amendment to Other Insurance Condition (GLS-152s (8-16)) which renders the Policy as excess to any other insurance available to Stix. It provides, in relevant part, as follows:

   This endorsement modifies insurance provided under the following:

   **COMMERCIAL GENERAL LIABILITY COVERAGE PART**

   Condition **4. Other Insurance** of **SECTION IV—COMMERCIAL GENERAL LIABILITY CONDITIONS** is deleted in its entirety and is replaced by the following:

   4. **Other Insurance**

      a. **Primary Insurance**

         This insurance is primary except when **b.** below applies.

    b. **Excess Insurance**

        **(1)** This insurance is excess over any other insurance, whether primary, excess, contingent or on any other basis:

* * *

        **(e)** That is valid and collectible insurance available to any insured under any other policy.

        **(2)** When this insurance is excess, we will have no duty under Coverages **A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit." If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

        **(3)** When this insurance is excess over other insurance, we will pay only the amount of the loss, if any, that exceeds the sum of:

        **(a)** The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

        **(b)** The total of all deductible and self-insured amounts under all other insurance.

If a loss occurs involving two or more policies, each of which states that its insurance will be excess, then our policy will contribute on a pro rata basis.

## UNDERLYING LAWSUIT

14. The Amended Complaint for Damages in the Underlying Lawsuit ("Underlying Complaint") alleges that, on the day of the Incident, May 8, 2022, Simmons was a patron of Stix located in Carbondale, Illinois. A true and correct copy of the Underlying Complaint is attached hereto and incorporated herein as **Exhibit B.**

15. The Underlying Complaint alleges, on the day of the Incident, Simmons got into an argument with Connor inside of Stix after Connor bumped into one of Simmons' friends and refused to apologize. Connor allegedly tried to start a fight with Simmons several times inside of Stix but no fight occurred.

16. Connor was allegedly underage and seen drinking inside of Stix throughout the night.

17. Bar security at Stix allegedly told Simmons and Connor to leave Stix.

18. It is then alleged that while Simmons was walking on the sidewalk away from Stix, Connor ran over to confront Simmons and elbowed him in the face, causing Simmons' head to strike the ground and Simmons to suffer a brain injury.

19. The Underlying Complaint alleges that due to Stix's negligence by expelling Connor from the bar after Connor's combative behavior instead of defusing the situation, Stix breached a duty to Simmons by failing to maintain the premises and periphery safe for invitees, leading to Simmons' injuries.

20. It is alleged in Count I of the Underlying Complaint that Stix, in pertinent part, is guilty of one or more of the following negligent acts:

   a. Failure to keep security personnel on the premises to prevent reasonably foreseeable criminal actions of its patrons;

   b. Failure to safely remove intoxicated persons from its premises when Defendant knew, or in the exercise of ordinary care should have known, of the reasonable probability of injury being caused to its invitees and members of the public on or within reasonable proximity of its premises;

   c. Failure to protect [Simmons] from reasonably foreseeable criminal activities committed by its other patrons; and

   d. Failure to establish procedures adequate to maintain the safety of its invitees and/or the general public within a foreseeable zone of danger;

   e. Carelessly and negligently failing to provide adequate security on the premises owned, operated, managed and controlled by [Stix], when it knew or in the exercise of reasonable care should have known that an assault would take place on the premises injuring [Simmons] based upon prior incidents establishing the reputation established under the Stix name and premises;

   f. Carelessly and negligently failing to provide adequate security on the premises owned, operated, managed, and controlled by the Defendant, when it knew or in the exercise of reasonable care should have known of prior incidents of altercations involving people who had drunk alcoholic beverages on the premises, and the burden of preventing such attacks can reasonably be placed upon [Stix];

   g. Carelessly and negligently failing to warn those on the premises, including [Simmons], of the likelihood that an assault could take place upon those individuals gathered on or around the premises owned, operated, managed and controlled by [Stix] based upon prior assaults/incidents;

    h. Carelessly and negligently failing to provide adequate security on and around the premises in order to keep patrons from engaging in fights when it knew or in the exercise of reasonable care should have known that such fights were imminent;

    i. Carelessly and negligently failing to protect [Simmons] from any and all other invitees on or around the premises that are within the management, control and operation of agents and/or employees of Stix;

    j. Carelessly and negligently failing to take reasonable care and measures so as to protect invitees, including [Simmons], using areas on or around the premises from dangerous persons within the premises, despite its knowledge of prior attacks/incidents involving dangerous patrons; and/or

    k. Carelessly and negligently failing to give invitees, including the Plaintiff, proper warning of the dangerous and unprotected premises, and failing to intervene to notify invitees that a fight can and would arise.

21. It is alleged in Count II of the Underlying Complaint that Stix is guilty of negligence and/or reckless conduct, including, but not limited to, the following:

    a. Serving and continuing to serve alcohol to an intoxicated person, said Jackson Connor, a minor;

    b. Failing to exercise reasonable and ordinary care in the service of alcohol to its business customers and specifically to Jackson Connor;

    c. Knowingly serving alcohol to an intoxicated person, said Jackson Connor, in violation of 235 Illinois Compiled Statutes 5/6-21, *et. seq.*, so as to make defendants negligent per se;

    d. Knowingly furnishing an alcoholic beverage to a visibly intoxicated person, said Jackson Connor, in violation of 235 ILCS 5/6-21, *et. seq.*, so as to make Stix *negligent per se*

    e. Knowingly or recklessly furnishing an alcoholic beverage to a legal minor person, said Jackson Connor, in violation of 235 ILCS 5/6-21 and National Minimum Drinking Age Act of 1984, so as to make Stix *negligent per se.*

22. Stix is alleged to have hired individuals with insufficient training and security in bar security and failed to train and supervise said personnel.

23. Stix is alleged in Count III to have violated the Illinois Dram Shop Act, 235 ILCS 5/6-21 by serving alcohol to Connor, who is underage and failing to prevent binge drinking, overdrinking,

extreme intoxication and/or minor consumption on the premises.

24. Stix is alleged in Count IV to be liable for premises liability for the following acts

   a. Stix, by its agents or otherwise, did not try to call Mr. Connor a cab to make sure he got away from the throng of other business invitees who had just been ushered out the door;

   b. Stix, by its agents or otherwise, did not sequester Mr. Connor from the invitees they had just let out, to keep them safe from his behavior. Instead, Stix employees pushed him among them and locked the door, according to witnesses;

   c. Stix did not call the police to make sure others were not in imminent danger from the behavior of this erratic person, or

   d. Otherwise act in any manner to protect the public from a danger that had been created and fuel by the presence of Jackson Connor upon the Stix premises.

25. Stix has sought coverage from Scottsdale under the Policy. Scottsdale, however, has declined to defend or indemnify Stix in connection with the Underlying Lawsuit, relying on the Liquor Liability Exclusion and A&B Endorsement.

## COUNT I – NO DUTY TO DEFEND

26. Scottsdale incorporates by reference paragraphs 1-25 above as if fully stated herein.

27. The Policy's commercial general liability coverage part is subject to the Liquor Liability Exclusion, which states, in relevant part, that the Policy does not provide coverage for "bodily injury" arising out of the "[c]ausing or contributing to the intoxication of any person" or "[t]he furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol."

28. The Policy's commercial general liability coverage part is also subject to the A&B Endorsement, which states, in relevant part, that except as provided by the A&B Endorsement, the Policy does not apply to "injury," "bodily injury," or "damages" caused by an "assault and/or battery" committed by "any insured," "any employee/'employee' of any insured," or "any other person."

29. The A&B Endorsement also does not provide coverage if the "assault and/or battery" arises out of the "selling, serving, or furnishing of alcoholic beverages" or if arises out of negligent

employment, investigation, supervision, hiring, training, or monitoring.

30. The A&B Endorsement provides limited coverage only if the "injury" "bodily injury" or "damages" "[t]akes place at the designated premises."

31. The Underlying Complaint alleges that Stix served alcohol to Connor who was underage and under the influence of alcohol.

32. As a result, the Liquor Liability Exclusion precludes any duty to defend Stix in connection with the Underlying Lawsuit.

33. Additionally, the Underlying Lawsuit alleges that Connor assaulted and struck Simmons on the sidewalk away from Stix.

34. The A&B Endorsement only provides coverage for assault and/or battery that takes place at the "designated premises" which is at 517 S Illinois Ave, Carbondale, IL 62901.

35. Since the Underlying Complaint alleges that Connor assaulted Simmons away from the "designated premises, the A&B Endorsement precludes any duty to defend arguably owed by Scottsdale to Stix in connection with the Underlying Lawsuit.

36. The Policy's coverage is also subject to the Amendment to Other Insurance Condition (GLS-152s (8-16)), which renders bodily injury liability coverage under the Policy, if any, excess over any other valid and collectible insurance available to Stix under another policy. Since the Policy may afford excess coverage only, Scottsdale can owe no duty under Coverage A or Coverage B, including the duty to defend Stix against any lawsuit, while another insurer owes Stix a duty to defend against that lawsuit.

37. The Policy's coverage under the A&B Endorsement is excess over any other valid and collectible insurance available to Stix for covered damages because of "bodily injury" to any person arising out of assault and/or battery.

38. Since Stix is being defended in the Underlying Lawsuit by its liquor liability insurer, coverage under the Policy's commercial general liability coverage part and the A&B Endorsement, if

any, would be excess over Stix's liquor liability coverage, Scottsdale has no present duty to defend under the Policy.

## COUNT II – NO DUTY TO INDEMNIFY

39. Scottsdale incorporates by reference paragraphs 1-38 above as if fully stated herein.

40. Since Stix cannot be liable under any theory in the Underlying Lawsuit that could potentially fall within the coverage of the Policy, by virtue of the Liquor Liability Exclusion and A&B Endorsement, and since Scottsdale separately has no duty to Stix, since Scottsdale is excess insurance, Scottsdale necessarily has no duty to indemnify Stix against any adverse judgment or settlement in the Underlying Lawsuit.

WHEREFORE, Plaintiff, SCOTTSDALE INSURANCE COMPANY, respectfully requests this Court to declare and adjudge the controversy as follows:

A. Scottsdale has no duty to defend Stix in connection with the Underlying Lawsuit;

B. Scottsdale has no duty to indemnify Stix in connection with the Underlying Lawsuit;

C. All other relief this Court deems just and equitable under the circumstances, including the award of costs.

DATED: August 16, 2024            Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**

/s/ Jonathan L. Schwartz
Attorney for Scottsdale Insurance Company

Jonathan L. Schwartz
FREEMAN MATHIS & GARY LLP
33 N. Dearborn St., Suite 1430
Chicago, IL 60602
Tel: (773) 389-6440
jonathan.schwartz@fmglaw.com