IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SCOTTSDALE INSURANCE COMPANY,

               **Plaintiff,**

v.

517 ILLINOIS LLC, d/b/a STIX,
and JOSHUA SIMMONS,

               **Defendants.**

Case No. 3:24-CV-1903-NJR

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Judgment on the Pleadings filed by Plaintiff Scottsdale Insurance Company ("Scottsdale"). (Docs. 28, 29). Scottsdale seeks a declaration that the commercial general liability insurance policy it issued to Defendant 517 Illinois LLC, d/b/a Stix ("Stix"), does not provide coverage, including a duty to defend or indemnify, for claims made against Stix in a state court action for damages. For the reasons set forth below, the Court denies the Motion for Judgment on the Pleadings.

BACKGROUND

A. *The Underlying Action*

This action arises out of a personal injury lawsuit pending in Jackson County, Illinois, captioned *Simmons v. 517 Illinois LLC d/b/a Stix d/b/a Stix Bar*, No. 2022 LA 71 (Jackson Cty. Cir. Ct.) ("Underlying Action"). The Underlying Action alleges that around 1 a.m. on May 8, 2022, Defendant Joshua Simmons was a patron at Stix Bar and Billiards in Carbondale, Illinois, when another man, Jackson Connor, bumped into one of Simmons's female friends. (Doc. 7-2 at p. 3). Simmons confronted Connor, and the two men began to argue. (*Id.* at pp. 3-

4). Simmons walked away, but Connor later attempted to instigate a fight. (*Id.* at p. 4). Connor, who was only 20 years old, had been seen drinking alcohol at Stix throughout the night. (*Id.*). As Stix closed, Simmons left the bar and began walking up the road with some of his friends. (*Id.* at p. 5). Connor caught up with Simmons and dared Simmons to hit him. (*Id.* at p. 6). When Simmons said he would not fight Connor, Connor slammed his elbow into Simmons's face. (*Id.*). The blow rendered Simmons unconscious, and he immediately fell backward and hit his head on the ground. (*Id.* at p. 7). Simmons suffered a traumatic brain injury that required half of his cranium to be removed. (*Id.*).

Simmons filed a complaint in Jackson County, Illinois, against Stix alleging negligence (Count I), negligent security, respondeat superior, and negligence per se (Count II), a violation of the Illinois Dram Shop Act (Count III), and premises liability (Count IV).[1] (Doc. 7-2). Stix requested coverage under a commercial general liability insurance policy that Scottsdale issued to Stix. ("Policy").

B. *Scottsdale's Complaint for Declaratory Judgment*

With this action, Scottsdale seeks a declaration that the commercial general liability insurance policy it issued to Stix does not provide coverage, including a duty to defend or indemnify, for the claims made in the Underlying Action. (Doc. 7). Stix timely filed an Answer to Scottsdale's Amended Complaint. (Doc. 17).

Jurisdiction is proper in this Court under 28 U.S.C. § 1332(a)(1) in that Plaintiff Scottsdale is a citizen of Ohio and Arizona, Defendant 517 Illinois LLC is a citizen of Illinois based on the citizenship of its single member, Casey Trusty, and Defendant Simmons is a

---

[1] The complaint also alleges a claim of battery against Connor Jackson (Count V).

citizen of Indiana. Furthermore, the amount in controversy is alleged to well exceed $75,000 exclusive of interest and costs given the damages sought in the Underlying Action related to Simmons's brain injury and the costs of a defense in connection with the Underlying Action. (Doc. 7).

Scottsdale filed the instant Motion for Judgment on the Pleadings on February 21, 2025. (Doc. 28). Stix did not respond within its 30-day deadline to do so. *See* SDIL-LR 7.1(b)(1)(A). Instead, it submitted a response *five months* after Scottsdale filed its Motion for Judgment on the Pleadings, and without first seeking leave of court to file its response out of time. Scottsdale has moved to strike the tardy response. (Doc. 32).

The Federal Rules of Civil Procedure allow a court to extend a response deadline, "for good cause . . . on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). Stix has neither explained how its failure to timely respond to Scottdale's Motion for Judgment on the Pleadings was the result of excusable neglect, nor has it even responded to Scottsdale's Motion to Strike. The Court, therefore, **GRANTS** the Motion to Strike Stix's response to Scottsdale's Motion for Judgment on the Pleadings (Doc. 33) and **STRIKES** the response (Doc. 32). *See Raymond v. Ameritech Corp.*, 442 F.3d 600, 605 (7th Cir. 2006) (Rule 6(b) "gives courts both the authority to establish deadlines and the discretion to enforce them.").

C.  *Relevant Policy Terms*

Scottsdale asks this Court to declare that the Policy bars coverage for the Underlying Action because the allegations fall squarely within the terms of the Policy's Liquor Liability Exclusion and Assault and/or Battery Limited Liability Coverage Endorsement

("A&B Endorsement"). Its argument within its present motion, however, is limited to the terms of the A&B Endorsement.

The Policy provides:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.  Insuring Agreement**

    **a.**  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" . . . to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" . . . to which this insurance does not apply.

\* \* \*

The Policy contains an Endorsement for Assault and/or Battery, which states:

**ASSAULT AND/OR BATTERY LIMITED LIABILITY COVERAGE**
**(Limited to Designated Premises)**

**Designated Premises:** 1 – 517 S. ILLINOIS AVE, CARBONDALE, IL 62901, JACKSON

\* \* \*

Except as provided by this endorsement, this policy does not apply to "injury," "bodily injury," . . . [or] "damages" . . . arising from:

1.  Assault and/or Battery that occurs at any premises other than the designated premises shown in the Schedule above; or

2.  Assault and/or Battery that occurs away from the designated premises caused by supervision, hiring, training, organizing, or any other activities conducted on or from the designated premises shown in the Schedule above.

3.  Assault and/or Battery committed by:

    a.  Any insured;

      b.  Any employee/"employee" of any insured; or
      c.  Any other person.

4.  The failure to suppress or prevent Assault and/or Battery by any person in 3.a.-c. above;

5.  The selling, serving or furnishing of alcoholic beverages which results in an Assault and/or Battery; or

6.  The negligent:

      a.  Employment;
      b.  Investigation;
      c.  Supervision;
      d.  Hiring;
      e.  Training;
      f.  Monitoring;
      g.  Reporting to the proper authorities, or failure to so report; or
      h.  Retention;

of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by paragraphs 3. and 4. above.

We will have no duty to defend any "suit" against you seeking "damages" as a consequence of any such injury unless coverage is provided by this endorsement.

The coverage provided is described below:

* * *

**1.  COVERAGES – ASSAULT AND/OR BATTERY LIABILITY**

We will pay on your behalf all sums which you shall become legally obligated to pay as damages because of "injury," "bodily injury," [or] "damages" . . . to any person arising out of Assault and/or Battery only if the "injury," "bodily injury," [or] "damages":

**a.**  Takes place at the designated premises; and

**b.**  Occurs during the policy period.

We will have the right and duty to defend any suit against you seeking "damages," even if any of the allegations of the suit are groundless, false or fraudulent and may make such investigation and such settlement of any claim or suit as we deem expedient, but we shall not be obliged to pay any claim or

judgment or to defend any suit after the applicable Limit of Liability shown in this endorsement has been exhausted. However, we will have no duty to defend the insured against any suit seeking "damages" to which this insurance does not apply.

(Doc. 7-1 at pp. 21-22, 52-53).

## Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Pleadings "include the complaint, the answer, and any written instruments attached as exhibits." *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 312 (7th Cir. 2020).

A motion for judgment on the pleadings under Rule 12(c) is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014) "When a plaintiff moves for judgment on the pleadings, the motion should not be granted unless it appears beyond doubt that the nonmovant cannot prove facts sufficient to support its position, and that the plaintiff is entitled to relief." *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020) (quoting *Scottsdale Ins. Co. v. Columbia Ins. Grp., Inc.*, 972 F.3d 915, 919 (7th Cir. 2020)). The court views all facts and inferences in the light most favorable to the non-moving party. *Id.*

## Discussion

"The interpretation of an insurance policy is a matter of state law." *Westfield Ins. Co. v. Vandenberg*, 796 F.3d 773, 777 (7th Cir. 2015). Here, the insurance policy was issued in Illinois, and there is no dispute that Illinois law applies. Under Illinois law, "[a]n insurance policy is a contract, and the general rules governing the interpretation of other types of contracts also

govern the interpretation of insurance policies." *Id.* (quoting *Hobbs v. Hartford Ins. Co. of the Midwest*, 823 N.E.2d 561, 564 (Ill. 2005)).

To determine whether there is a duty to defend, a court must compare the allegations of the underlying complaint to the language of the policy. *Am. Bankers Ins. Co. of Fla. v. Shockley*, 3 F.4th 322, 327 (7th Cir. 2021). "If the facts alleged in the complaint fall within, or potentially fall within, the policy coverage, the insurer must defend the insured." *Id.* If the policy provisions "are clear and unambiguous there is no need for construction and the provisions will be applied as written." *Wehrle v. Cincinnati Ins. Co.*, 719 F.3d 840, 843 (7th Cir. 2013). Any doubts are resolved in favor of the insured. *Shockley*, 3 F.4th at 327.

In its motion, Scottsdale argues only that the A&B Endorsement precludes coverage entirely for all claims against Stix in the Underlying Action because it negates coverage for Simmons's injuries arising from his assault by Connor. Specifically, because the underlying complaint alleges Simmons left Stix and was "walking up the road" at the time of the assault, the event did not occur on the "designated premises" and there is no coverage under the A&B Endorsement.[2]

The Court disagrees. The Underlying Action alleges that "[Simmons] left the bar and began walking up the road with some of his friends" before Connor caught up with him and eventually struck Simmons with his elbow. (Doc. 7-2). It is unclear from the face of the complaint whether Simmons was still on the "Designated Premises" at the time of the alleged battery. The complaint does not say precisely where the battery occurred, and the Policy,

---

[2] Unlike the cases cited by Scottsdale, the policy at issue here contained an A&B Endorsement, *not* an A&B Exclusion.

while it contains an address, does not contain a map or otherwise explain the boundaries of the Designated Premises.

"It is the insurer's burden to affirmatively demonstrate the applicability of an exclusion." *Shockley*, 3 F.4th at 330 (7th Cir. 2021) (quoting *Pekin Ins. Co. v. Miller*, 854 N.E.2d 693, 697 (Ill. App. Ct. 2006)). Exclusions are construed against the insurer and "liberally in favor of the insured." *Id.* Because the facts in the complaint potentially fall within the A&B Endorsement, and because the Court must resolve any doubts in favor of the insured, Scottsdale's motion must be denied.

### CONCLUSION

For these reasons, the Motion for Judgment on the Pleadings filed by Plaintiff Scottsdale Insurance Company is **DENIED**. (Docs. 28, 29).

**IT IS SO ORDERED.**

**DATED:   September 9, 2025**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**