IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SCOTTSDALE INSURANCE
COMPANY,

                **Plaintiff,**

v.

517 ILLINOIS LLC, d/b/a STIX,
and JOSHUA SIMMONS,

                **Defendants.**

Case No. 3:24-CV-1903-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is a Motion for Summary Judgment filed by Plaintiff Scottsdale Insurance Company ("Scottsdale"). (Doc. 44). Scottsdale seeks a declaration that the commercial general liability insurance policy it issued to Defendant 517 Illinois LLC, d/b/a Stix ("Stix"), does not provide coverage, including a duty to defend or indemnify, for claims made against Stix in a state court action for damages by Defendant Joshua Simmons. For the reasons set forth below, the motion is granted.

BACKGROUND

A. *The Underlying Action*

This action arises out of a personal injury lawsuit pending in Jackson County, Illinois, captioned *Simmons v. 517 Illinois LLC d/b/a Stix d/b/a Stix Bar*, No. 2022-LA-71 (Jackson Cty. Cir. Ct.) ("Underlying Action"). The Underlying Action alleges that around 1 a.m. on May 8, 2022, Defendant Joshua Simmons was a patron at Stix Bar and Billiards in Carbondale, Illinois, when another man, Jackson Connor, bumped into one of

Simmons's female friends. (Doc. 7-2 at p. 3). Simmons confronted Connor, and the two men began to argue. (*Id.* at pp. 3-4). Simmons walked away, but Connor later attempted to instigate a fight. (*Id.* at p. 4). Connor, who was only 20 years old, had been seen drinking alcohol at Stix throughout the night. (*Id.*). As Stix closed, Simmons left the bar and began walking up the road with some of his friends. (*Id.* at p. 5). Connor caught up with Simmons and dared Simmons to hit him. (*Id.* at p. 6). When Simmons said he would not fight Connor, Connor slammed his elbow into Simmons's face. (*Id.*). The blow rendered Simmons unconscious, and he immediately fell backward and hit his head on the ground. (*Id.* at p. 7). Simmons suffered a traumatic brain injury that required half of his cranium to be removed. (*Id.*).

Simmons filed a complaint in Jackson County, Illinois, against Stix alleging negligence (Count I), negligent security, respondeat superior, and negligence per se (Count II), a violation of the Illinois Dram Shop Act (Count III), and premises liability (Count IV).[1] (Doc. 7-2). Stix requested coverage under a commercial general liability insurance policy that Scottsdale issued to Stix. ("Policy").

B. *Relevant Policy Terms*

Scottsdale asks this Court to declare that the Policy (Policy No. CPS7569674), which was effective from April 25, 2022, to April 25, 2023, bars coverage for the Underlying Action because the allegations fall squarely within the terms of the Policy's Liquor Liability Exclusion and Assault and/or Battery Limited Liability Coverage

---

[1] The complaint also alleges a claim of battery against Jackson Connor (Count V).

Endorsement ("A&B Endorsement"). Its present motion, however, is limited to the terms of the A&B Endorsement.

The Policy provides:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" . . . to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" . . . to which this insurance does not apply.

   \* \* \*

The Policy contains an Endorsement for Assault and/or Battery, which states:

**ASSAULT AND/OR BATTERY LIMITED LIABILITY COVERAGE**
**(Limited to Designated Premises)**

**Designated Premises:** 1 – 517 S. ILLINOIS AVE, CARBONDALE, IL 62901, JACKSON

   \* \* \*

Except as provided by this endorsement, this policy does not apply to "injury," "bodily injury," . . . [or] "damages" . . . arising from:

1. Assault and/or Battery that occurs at any premises other than the designated premises shown in the Schedule above; or

2. Assault and/or Battery that occurs away from the designated premises caused by supervision, hiring, training, organizing, or any other activities conducted on or from the designated premises shown in the Schedule above.

Page 3 of 10

3. Assault and/or Battery committed by:

    a. Any insured;
    b. Any employee/"employee" of any insured; or
    c. Any other person.

4. The failure to suppress or prevent Assault and/or Battery by any person in 3.a.-c. above;

5. The selling, serving or furnishing of alcoholic beverages which results in an Assault and/or Battery; or

6. The negligent:

    a. Employment;
    b. Investigation;
    c. Supervision;
    d. Hiring;
    e. Training;
    f. Monitoring;
    g. Reporting to the proper authorities, or failure to so report; or
    h. Retention;

of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by paragraphs 3. and 4. above.

We will have no duty to defend any "suit" against you seeking "damages" as a consequence of any such injury unless coverage is provided by this endorsement.

The coverage provided is described below:

\* \* \*

**1. COVERAGES – ASSAULT AND/OR BATTERY LIABILITY**

We will pay on your behalf all sums which you shall become legally obligated to pay as damages because of "injury," "bodily injury," [or] "damages" . . . to any person arising out of Assault and/or Battery only if the "injury," "bodily injury," [or] "damages":

**a.** Takes place at the designated premises; and

**b.** Occurs during the policy period.

> We will have the right and duty to defend any suit against you seeking "damages," even if any of the allegations of the suit are groundless, false or fraudulent and may make such investigation and such settlement of any claim or suit as we deem expedient, but we shall not be obliged to pay any claim or judgment or to defend any suit after the applicable Limit of Liability shown in this endorsement has been exhausted. However, we will have no duty to defend the insured against any suit seeking "damages" to which this insurance does not apply.

(Doc. 7-1 at p. 22, 52-53).

C. *Procedural History*

With this action, Scottsdale seeks a declaration that the commercial general liability insurance policy it issued to Stix does not provide coverage, including a duty to defend or indemnify, for the claims made in the Underlying Action. (Doc. 7). Stix timely filed an Answer to Scottsdale's Amended Complaint. (Doc. 17).

Jurisdiction is proper in this Court under 28 U.S.C. § 1332(a)(1) because Plaintiff Scottsdale is a citizen of Ohio and Arizona, Defendant 517 Illinois LLC is a citizen of Illinois based on the citizenship of its single member, Casey Trusty, and Defendant Simmons is a citizen of Indiana. Furthermore, the amount in controversy exceeds $75,000, exclusive of interest and costs, given the damages sought in the Underlying Action related to Simmons's brain injury and the costs of a defense in connection with the Underlying Action. (Doc. 7). Simmons has not appeared in this action, and at Scottsdale's request, the Clerk of Court entered default against him on January 7, 2025. (Doc. 24).

Scottsdale then moved for judgment on the pleadings. (Doc. 28). On September 9, 2025, the Court issued an order denying that motion. (Doc. 37). The Court explained that

it was not clear the insurance policy did not require coverage because the underlying complaint did not specifically allege whether the alleged battery occurred on Stix's premises.

Scottsdale now has moved for summary judgment under Rule 56. (Doc. 44). Its motion includes a stipulation, signed by counsel for the parties, attesting that Simmons's injuries did not occur on premises owned or controlled by Stix. (Doc. 44-2). Stix has not responded to the motion, and the time for doing so has passed. *See* SDIL-LR 7.1(b)(1)(A).

### LEGAL STANDARD

A court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Assertions that a fact cannot be or is genuinely disputed must be supported by materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials. Fed. R. Civ. P. 56(c)(1). Once the moving party sets forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue of fact for trial. Fed. R. Civ. P. 56(e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Stix's failure here to respond to the summary judgment motion does not relieve the Court of its duty to "review the uncontroverted facts and make a finding that summary judgment is appropriate as a matter of law." *Nabozny v. Podlesny*, 92 F.3d 446, 457 n.9 (7th Cir. 1996).

In determining whether a genuine issue of fact exists, the Court must view the

evidence and draw all reasonable inferences in favor of the non-movant. *Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001). The Court may not "assess the credibility of witnesses or balance the relative weight of conflicting evidence." *Palmer v. Franz*, 928 F.3d 560, 565 (7th Cir. 2019) (alteration omitted) (quoting *Stokes v. Bd. of Educ. of the City of Chicago*, 599 F.3d 617, 619 (7th Cir. 2010)). "The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge*, 24 F.3d at 920.

Because the summary judgment motion here implicates the claims against Simmons, who is in default, the Court will treat it as a motion for default judgment as to him. Rule 55(a) requires the clerk to enter default when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise. Fed. R. Civ. P. 55(a). The clerk's entry of a default "is merely a formal matter and does not constitute entry of a judgment." 10A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2682 (4th ed.). "Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks." *VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (quoting *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004)). "When ruling on a motion for default judgment, the Court "must accept as true all factual allegations in the complaint, except those regarding the amount of damages." *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 948 (7th Cir. 2020). "Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions

of law." *See* 10A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2688.1 (4th ed.).

## DISCUSSION

"The interpretation of an insurance policy is a matter of state law." *Westfield Ins. Co. v. Vandenberg*, 796 F.3d 773, 777 (7th Cir. 2015). Here, the insurance policy was issued in Illinois, and there is no dispute that Illinois law applies. Under Illinois law, "[a]n insurance policy is a contract, and the general rules governing the interpretation of other types of contracts also govern the interpretation of insurance policies." *Id.* (quoting *Hobbs v. Hartford Ins. Co. of the Midwest*, 823 N.E.2d 561, 564 (Ill. 2005)).

To determine whether there is a duty to defend, a court must compare the allegations of the underlying complaint to the language of the policy. *Am. Bankers Ins. Co. of Fla. v. Shockley*, 3 F.4th 322, 327 (7th Cir. 2021). "If the facts alleged in the complaint fall within, or potentially fall within, the policy coverage, the insurer must defend the insured." *Id.* If the policy provisions "are clear and unambiguous there is no need for construction and the provisions will be applied as written." *Wehrle v. Cincinnati Ins. Co.*, 719 F.3d 840, 843 (7th Cir. 2013). Any doubts are resolved in favor of the insured. *Shockley*, 3 F.4th at 327.

In its motion, Scottsdale argues that the A&B Endorsement precludes coverage entirely for all claims against Stix in the Underlying Action because it negates coverage for Simmons's injuries arising from his assault by Connor. To put a finer point on it, because the underlying complaint alleges Simmons left Stix and was "walking up the road" at the time of the assault, the event did not occur on the covered "designated

Page 8 of 10

premises" and there is no coverage under the A&B Endorsement. In its prior order, the Court held that it was unclear from the face of the complaint whether or not Simmons was still on the "designated premises" at the time of the alleged battery. (Doc. 37).

After the Court issued its order, the parties stipulated that the assault "did not take place on, and, in fact, took place away from" the premises and that Stix "did not own, operate, manage, possess, or control the particular property" where the assault occurred. (Doc. 44-2, p. 2). Additionally, Simmons's default means the Court may accept as true the complaint's allegation that the assault occurred "away from the designated premises." (Doc. 7, ¶ 35).

For Simmons to hold Stix liable on any of his claims in the underlying litigation, he would have to establish that a battery occurred. Because the uncontroverted facts make clear that the battery did not occur on Stix's property, i.e., the "designated premises" described in the insurance policy, the A&B Endorsement precludes coverage for Simmons's claims. Notably, the policy does not apply to an "Assault and/or Battery that occurs *at any premises other than the designated premises*" or an "Assault and/or Battery that occurs *away from the designated premises* caused by supervision, hiring, training, organizing, or any other activities conducted on or from the designated premises . . . ." (Doc. 7-1, p. 52 (emphasis added)). Thus, the policy at issue here (No. CPS7569674) does not extend coverage to any of the defendants. The only defendant to appear in this case—Stix—offer no argument to the contrary. Scottsdale therefore is entitled to summary judgment.

## CONCLUSION

For these reasons, the Motion for Summary Judgment filed by Plaintiff Scottsdale Insurance Company is **GRANTED**. (Doc. 44). The Clerk of Court is **DIRECTED** to enter judgment as follows:

> Scottsdale Insurance Company owes no duty to defend or indemnify 517 Illinois LLC d/b/a Stix or Joshua Simmons, under Policy No. CPS7569674 with respect to the underlying litigation, styled *Simmons v. 517 Illinois LLC d/b/a Stix d/b/a Stix Bar*, Case No. 2022-LA-71, pending in the First Judicial Circuit Court in Jackson County, Illinois.

> It is further **ORDERED** that the Clerk of Court shall **CLOSE** this case upon entry of the judgment.

**IT IS SO ORDERED.**

**DATED:   April 21, 2026**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**